

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2020

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re: *United States v. Mohamed Rashed*, 19 Cr. 603 (KPF)

Dear Judge Failla:

    The Government respectfully submits this letter in opposition to the defendants' motion to modify the conditions of his release, filed on January 28, 2020 (Dkt. No. 43 ("Def. Ltr.").)

    By way of background, the defendant was arrested on July 17, 2019, and was presented that same day before the Honorable Kevin Nathaniel Fox, United States Magistrate Judge for the Southern District of New York.[1] At the defendant's presentment, the Government sought detention on the basis that the defendant's appearance in Court could not be reasonably assured by any condition or combination of conditions. (7/17/19 Tr. 6.[2]) Specifically, the Government argued that the following factors, among others, weighed in favor of detention: the strength of the evidence, the presumption of detention accorded to the charge alleged in the Indictment, and the applicable Guidelines Range. (7/17/19 Tr. 33.) In addition, the Government emphasized that the defendant's status in the United States and history of travel:

> Mr. Rashed is not a United States citizen. He is a citizen of Egypt. All of his immediate family lives there. He would face mandatory deportation should he be convicted of the crime with which he is charged. And he has extensive travel to Egypt. He traveled there over the December[/]January 2018, 2019 period for about a month. He traveled to Egypt in July 2018. He traveled to Egypt for two months in 2017. He traveled to Egypt in 2013, 2014 winter for approximately a month. These are according to Government records that we have of his travel.

---

[1] The defendant surrendered to law enforcement at approximately 3:25 p.m. on July 17, 2019, nearly a full 24 hours after law enforcement agents spoke with the defendant's spouse and he learned that a warrant had been issued for his arrest. (7/17/19 Tr. 34-35.)

[2] "7/17/19 Tr." refers to the transcript of the defendant's presentment.

> Your Honor, with Mr. Rashed's situation being that he does not have citizenship and that if he were convicted in a case where the evidence is strong and the guidelines are high, he would almost certainly face a period of incarceration. There would be little incentive for him to stay here and let the case play out when ultimately in the Government's view it's highly [likely] that he is deported back to Egypt.

(7/17/19 Tr. 33-34.)

Ultimately, the Court determined that there were conditions that could be set that would reasonably mitigate risk that the defendant may not appear in court. (7/17/19 Tr. 38-39.) The Court did not find that the defendant poses no such risk. It imposed the following conditions: $200,000 personal recognize bond co-signed by three financially responsible persons and secured by $40,000 cash or property; travel restricted to the Southern and Eastern Districts of New York; surrender all travel documents and refrain from seeking or obtaining any new or replacement travel documents; supervision as directed by Pretrial Services; home detention with GPS monitoring; continue or seek employment; and refrain from possessing any firearms or destructive devices. (7/17/19 Tr. 39.) The Court required that all these conditions must be met before the defendant would be released. On July 24, 2019, the defendant satisfied the conditions and was released pending trial.

On August 28, 2019, the defendant filed a motion requesting that the conditions of his release be modified to permit him to work as an Uber driver. (Dkt. No. 20.) On September 9, 2019, at the initial conference for this case, this Court heard oral argument on the defendant's motion. (9/9/19 Tr. 13-25.[3]) At the conclusion of the argument, this Court denied the defendant's motion because a position as an Uber "could make it more difficult to monitor him" (9/9/19 Tr. 24), and this Court was "concerned about the temporal commitments and the geographic commitments that being an Uber driver would bring about" (9/9/19 Tr. 25). This Court further explained that it was "as well concerned about the fact that Mr. Rashed is not a citizen." (9/9/19 Tr. 25.)

On January 28, 2020, the defendant filed a motion to modify the conditions of his release. Specifically, the defendant requests that the Court relax his conditions so that he is subject to "a curfew enforced by GPS monitoring, with the curfew hours to be set at the discretion of Pretrial Services," instead of "home detention" enforced by GPS monitoring. (Def. Ltr. 1.) The defendant makes no attempt to explain why the Court should grant his request. He offers no change of circumstances, new facts, or reasoning of any kind.

The Government opposes the defendant's request. The stringent conditions for release imposed by Judge Fox were appropriate then, and they continue to be appropriate now.[4] Since his presentment, the defendant faces the same strong evidence, he faces the same serious pending

---

[3] "9/9/19 Tr." refers to the transcript of the initial conference in this case.

[4] The Government continues to maintain its position that the defendant should have been and should be detained pending trial.

charge that carries the same substantial penalties, and he has the same incentive to flee from prosecution (or greater, now that he has reviewed the evidence and declined to make any pretrial motions). Moreover, the circumstances in September 2019 that led this Court to reject the defendant's prior request for additional freedom of movement are unchanged.

Pretrial release is not a post-custody release program to help an individual adjust to society. Rather, the law requires that the Court impose conditions that assure the defendant's presence in Court throughout the case—including a trial and sentencing in a case where a defendant may face several years in prison. It is not appropriate to loosen the terms of release merely because some months have passed since a defendant was released pending trial. The defendant's latest proposal to loosen the conditions of his release should be rejected.

Respectfully submitted,

GEOFFREY S. BERMAN<br>
United States Attorney

By: *Robert B. Sobelman*

Mollie Bracewell<br>
Robert B. Sobelman<br>
Assistant United States Attorneys<br>
(212) 637-2218/2616

cc: Lance Lazzaro, Esq. (by ECF)

```
The Court is in receipt of Defendant's letter seeking modification of the
conditions of his release (Dkt. #43), and the Government's objections
(Dkt. #44).  The Court's concerns about Defendant being a flight risk
have not abated, and they have not been assuaged by Defendant's failure
to provide any reason for why the conditions of his bail should be
modified.  Therefore, Defendant's application is DENIED.

Dated:     February 3, 2020           SO ORDERED.
           New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```